**PILLAR PROPERTY MANAGEMENT, L.L.C.**

v.

**CASTE'S, INC. d.b.a. Dante's Sports, Food & Spirits.**

No. 97–218–Appeal.

Supreme Court of Rhode Island.

April 17, 1998.

Joseph C. Summer.

Gregory Piccirilli, Cranston.

## ORDER

This case came before the court for oral argument April 13, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the oral arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Pillar Property Management, L.L.C., has appealed from a judgment entered in the Superior Court in favor of the defendant, Caste's, Inc. d.b.a. Dante's Sports, Food & Spirits (Caste's) in a commercial trespass and ejectment action. On October 16, 1996, the plaintiff filed a complaint for trespass and ejectment against Caste's in the Sixth Division District Court to obtain possession of premises used by Caste's to operate a restaurant in the Apple Valley Mall in Smithfield, Rhode Island. The plaintiff alleged in its complaint that Caste's was in arrears in rental payments as of September 1, 1996. however, it is undisputed that the plaintiff accepted rental payment from Caste's for the month of September without reservation. It is further undisputed that on October 7, 1996, the plaintiff by its attorney sent a letter to Caste's demanding immediate payment of rent for the month of October. The parties stipulated to a judgment in favor of Caste's in the District Court and the plaintiff appealed to the Superior Court.

After a jury-waived trial, a justice of the Superior Court granted defendant's motion to dismiss pursuant to the provisions of Rule 52(c) of the Superior Court Rules of Civil Procedure (this rule is the successor to former Rule 41(b)(2)). In granting the motion to dismiss, the justice made certain findings of fact. She found that the September rent was not unpaid. She further found that by a course of conduct between landlord and tenant (including that which existed between the prior landlord and Caste's) the rent was payable on the 20th or 21st of every month in spite of the lease provision that rent be paid on the first of every month. In so finding, the trial justice followed our opinion in *Arcade Company v. Kentco, Inc.,* 592 A.2d 135, 137 (R.I.1991).

These findings of fact are given deferential review since the trial justice pursuant to Rule 52(c), as under prior rule 41(b)(2), weight the credibility of the witnesses and determines the weight of the evidence presented by plaintiff. These findings of fact will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Estate of Meller v. Adolf Meller Co.,* 554 A.2d 648, 651 (R.I.1989). These findings by the trial justice were clearly dispositive of the motion to dismiss, which was properly granted in light of the fact that plaintiff failed to prove the essential elements necessary to sustain its action for possession of the leased premises. Other issues raised in support of the trial justice's determination need not be reached.

Consequently the plaintiff's appeal is denied and dismissed. The judgment entered in the Superior Court is hereby affirmed.

GOLDBERG, J., did not participate.