Melodye BROADLEY, Guardian for
Linda Sue Broadley et al.

v.

STATE of Rhode Island et al.

No. 2007–80–Appeal.

Supreme Court of Rhode Island.

Feb. 11, 2008.

■■■■■■■■■■■■■■■■■■

William Burke, Pawtucket, for Plaintiff.

Thomas A. Palombo, Special Asst. Atty. Gen., for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on December 10, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument.

### Facts and Travel

The plaintiffs, Melodye Broadley (Melodye), as guardian of Linda Sue Broadley (Linda), and Linda (hereinafter referred to collectively as plaintiffs), appeal from Superior Court judgments in favor of the defendants, Samuel Waddington (Waddington) and the State of Rhode Island (state and collectively defendants), on all counts of plaintiffs' complaint.[1]

The genesis of this dispute was the discovery in 1994 that Linda, a severely handicapped person, who resided at Smithfield Commons Apartments (Smithfield Commons), a facility for the disabled that was state financed and operated, suffered a severe bruise that extended from the vagina to the rectum. Linda was examined at Women and Infants Hospital, and the Smithfield police were notified; however, criminal charges were not brought against anyone. Subsequently, a civil action was filed that alleged intentional and negligent tortious conduct on the part of numerous named and unnamed defendants.

In the original complaint, plaintiffs alleged that Linda was "a severely retarded woman, non-ambulatory, confined to a wheel chair, legally blind and incapable of speech, who has been declared by the State of Rhode Island to be unable to care for herself." The complaint alleged that while a resident at Smithfield Commons, she suffered an assault and battery, including sexual assault. The plaintiffs also alleged that numerous defendants were negligent in caring for Linda; that certain physicians engaged in negligent treatment of Linda; and that various officials were negligent in their supervision of employees at Smithfield Commons. There also was a claim for punitive damages based on intentional misconduct.

After summary judgments were entered in 1998 in favor of several defendants,[2] plaintiffs twice amended their complaint. The first amended complaint, filed in 2003, added an allegation of negligence against Mark O'Brien, M.D. (Dr. O'Brien), the Medical Program Director for the Department of Mental Health, Retardation, and Hospitals, who was responsible for the

---

1. According to plaintiffs' second amended complaint, Melodye was named as the guardian of the person and estate of Linda by the Providence Probate Court on June 3, 1994, and was authorized to bring this action on her behalf.

2. Those defendants were Seok Lee, Renee Eger, and Women and Infants Hospital.

overall operation of several state-run facilities, including Smithfield Commons.[3]

Subsequently, several orders were entered that permitted the substitution of the state for several defendants, and a second amended complaint was filed in 2006, which alleged that the state was liable for the intentional and negligent acts of its employees. Thus, at the time of trial, the remaining defendants consisted of the state, Smithfield Commons, and Waddington, the alleged assailant.[4]

A nonjury trial was held in the Superior Court in September 2006. At the close of plaintiffs' evidence, defendants moved, under Rule 52 of the Superior Court Rules of Civil Procedure, for judgment as a matter of law. Although this was a jury-waived trial, the trial justice declared that she "must review the evidence presented in a light most favorable to the nonmoving party without weighing evidence or evaluating the credibility of witnesses and draw all reasonable inferences in favor of the nonmoving party."

The trial justice granted the motion, finding that plaintiffs failed to introduce the requisite evidence to support their allegations. She found that plaintiffs failed to produce any evidence that Linda was assaulted or otherwise was caused to be in fear of imminent bodily harm. As to the battery claim, the trial justice determined that there was evidence that Linda "experienced contact with some person or thing that resulted in an extensive bruise to her body," but she further determined that plaintiffs had failed to present evidence that anyone intentionally touched Linda in a tortious manner. Because there was no

evidence of an intentional touching, plaintiffs' allegation of battery was speculative and unproven.

With respect to the count alleging sexual assault, the trial justice found that there was no *prima facie* case of "battery of a sexual nature." The record discloses that Dr. Renee Eger, who, in 1994, characterized Linda's injury as an "apparent penetrating anal injury," testified at trial that she could not say whether a sexual assault had occurred. There was no evidence presented tending to show that Linda was sexually assaulted and no evidence that linked Waddington to any sexual assault. Additionally, the trial justice rejected the allegation of negligence and found that the plaintiffs failed to offer any evidence of the standard of care in this case, failed to provide expert testimony on the standard of care or the element of causation, and failed to prove a *prima facie* case of negligence under a theory of *res ipsa loquitur.*

The trial justice also granted judgment for defendants on the allegation for negligent supervision or hiring and concluded that plaintiffs did not offer any evidence to support the allegations. She declared that plaintiffs failed to show that defendants knew that Waddington had an aggressive nature, and in fact there was little evidence to suggest that he actually did have an aggressive nature. Accordingly, on October 2, 2006, an order and two judgments were entered for Waddington and the state on all counts. The plaintiffs appealed.

### Analysis

■■■ We first must address the standard to be applied to defendants' motion

---

**3.** The first amended complaint also made some technical changes and named Melodye as Linda's sole guardian.

**4.** Waddington's motion for certification and substitution of the state as party defendant

was granted concerning count 3, which alleged negligence, but denied concerning count 1, which alleged assault and battery, and count 2, which alleged sexual assault.

for judgment as a matter of law in a jury-waived trial. In actions tried by a jury, a party may move for judgment as a matter of law under Rule 50(a)(1) of the Superior Court Rules of Civil Procedure[5] after an opposing party has been fully heard on an issue. The motion may be granted by the trial justice upon a finding that "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue * * *." Rule 50(a)(1). However, the motion must be denied if there are factual issues upon which reasonable people may have differing conclusions. *Trainor v. The Standard Times*, 924 A.2d 766, 769 (R.I.2007). Significantly, under Rule 50, the trial justice views the evidence in the light most favorable to the nonmoving party, without weighing the evidence or passing on the credibility of the witnesses. *Trainor*, 924 A.2d at 769.

 In a nonjury case, a party may also move for judgment as a matter of law after the presentation of an opponent's case, but the standard applied to that motion differs from the above criteria. Rule 52(c)[6] provides that the court may enter judgment as a matter of law against the party who has been fully heard on an issue, but "[s]uch a judgment shall be supported by findings of fact and conclusions of law * * *."[7] Thus, in considering a Rule 52(c) motion, the trial justice weighs "the credibility of witnesses and determines the weight of the evidence presented by plaintiff." *Pillar Property Management, L.L.C. v. Caste's, Inc.*, 714 A.2d 619, 620 (R.I.1998) (mem.). Additionally, when deciding a motion for judgment as a matter of law in a nonjury trial, unlike a jury trial, the trial justice need not view the evidence in the light most favorable to the nonmoving party. *Estate of Meller v. Adolf Meller Co.*, 554 A.2d 648, 651 (R.I. 1989).

In this case, although the trial justice cited Rule 52 when she passed on the evidence, she actually employed the standard set forth in Rule 50. Rather than make factual findings and credibility determinations, the trial justice declared that there was no evidence to support the allegations in plaintiffs' complaint. Although this is an incorrect standard, we deem this error harmless because the trial justice conducted a careful review of the evidence

---

5. Rule 50(a)(1) of the Superior Court Rules of Civil Procedure provides:

"(a) *Judgment as a Matter of Law.*

"(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

6. Rule 52(c) of the Superior Court Rules of Civil Procedure provides:

"(c) *Judgment on Partial Findings.* If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of

law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule. In lieu of ordering judgment as a matter of law, the court, on motion or on its own initiative, may order the action dismissed without prejudice on such terms and conditions as are just."

7. Rule 52(c) is the successor to former Rule 41(b)(2) of the Superior Court Rules of Civil Procedure. *See Pillar Property Management, L.L.C. v. Caste's, Inc.*, 714 A.2d 619, 620 (R.I. 1998) (mem.).

and employed a standard of review that was more stringent than that provided by Rule 52. Further, we are of the opinion that the trial justice's ultimate conclusion that there was no evidence to support plaintiffs' claims was correct. We previously have determined that a trial justice's use of the wrong rule may amount to harmless error. *See Bielecki v. Boissel*, 715 A.2d 571, 572 (R.I.1998) (ruling that application of incorrect standard was harmless error). Thus, we are satisfied that this error was harmless.

▇▇▇▇ Our review of the trial record reveals that the trial justice neither misconceived nor overlooked any material evidence, and her finding that there was insufficient proof to support a *prima facie* case was not clearly wrong. Her decision was supported by the evidence or lack of evidence in this case, including plaintiffs' failure to establish a standard of care for negligence and the absence of proof of intentional misconduct. Moreover, a finding on a Rule 52(c) motion must comport with the requirements in Rule 52(a),[8] which does not require extensive analysis and discussion of all the evidence presented in a bench trial. *Donnelly v. Cowsill*, 716 A.2d 742, 747 (R.I.1998). "Even brief findings and conclusions are sufficient if they address and resolve the controlling and essential factual issues in the case." *Id.* (quoting *Anderson v. Town of East Greenwich*, 460 A.2d 420, 423 (R.I.1983)).

▇▇▇▇ The plaintiffs contend that Linda's inability to speak for herself and to express any fear she may have felt should not prevent her from recovering compensatory damages. From the trial record, it is evident that the trial justice did not deny recovery because of Linda's handicap, but rather because of the lack of evidence that she was placed in fear or physical harm or that any intentional conduct caused the injury. Assault has been defined as "a physical act of a threatening nature or an offer of corporal injury which puts an individual in reasonable fear of imminent bodily harm," and the apprehension of injury renders the defendant's act compensable. *Hennessey v. Pyne*, 694 A.2d 691, 696 (R.I.1997) (quoting *Picard v. Barry Pontiac–Buick, Inc.*, 654 A.2d 690, 694 (R.I.1995)). This is different from a battery, which is defined as "an act that was intended to cause, and does cause, an offensive contact with or unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." *Fenwick v. Oberman*, 847 A.2d 852, 855 (R.I.2004) (quoting *Proffitt v. Ricci*, 463 A.2d 514, 517 (R.I.1983)). In the present case, plaintiffs' witnesses were unable or unwilling to testify that either an assault or a battery occurred, and the trial justice, as she was required to do, correctly dismissed those allegations.

▇▇▇▇ Further, we are of the opinion that the allegation of negligence properly

---

8. Rule 52(a) provides:

"(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 59 and subdivision (c) of this rule."

was dismissed. "To prevail on a claim of negligence, 'a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" *Selwyn v. Ward,* 879 A.2d 882, 886 (R.I.2005) (quoting *Mills v. State Sales, Inc.,* 824 A.2d 461, 467 (R.I. 2003)). Furthermore, expert testimony must be presented "to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge." *Mills,* 824 A.2d at 468. In the present case, the trial justice found that plaintiffs failed to sustain their burden; there was no expert testimony that established the standard of care owed to Linda, nor was there evidence of causation. Although several witnesses speculated about the cause of the injury, there was no testimony that the injury was caused by the breach of a standard of care on the part of Waddington or anyone else.

 The plaintiffs also contend that defendants provided negligent supervision of their employees. This Court has permitted a cause of action against an employer for the negligent retention and/or supervision of an employee when a third party is injured by the act of an unfit employee. *Rivers v. Poisson,* 761 A.2d 232, 235 (R.I.2000) (citing *Welsh Manufacturing, Division of Textron, Inc. v. Pinkerton's, Inc.,* 474 A.2d 436 (R.I.1984)). However, in the case before us, the trial justice correctly concluded that plaintiffs failed to prove that Waddington was known to exhibit aggressive behavior toward patients or that any supervisors failed to properly monitor his job performance; therefore, the allegation properly was dismissed.

## Conclusion

Although the trial justice applied the incorrect standard in this case, we are satisfied that the error was harmless. The judgment in this case turned on a failure of proof that the trial justice adequately addressed when she reviewed the evidence and ordered judgment for the defendants.

For the foregoing reasons, we affirm the judgment of the Superior Court, to which we remand the papers in this case.