941 A.2d 219 (2008)
STATE of Rhode Island
v.
MEDICAL MALPRACTICE JOINT UNDERWRITING ASSOCIATION.
No. 2006-71-Appeal.
Supreme Court of Rhode Island.
February 18, 2008.
Genevieve M. Martin, Esq., Providence, for Plaintiff.
Thomas R. Bender, Esq., Providence, for Defendant.
Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

OPINION
Justice GOLDBERG, for the Court.
This case came before the Supreme Court on October 31, 2007, on appeal by the State of Rhode Island (state or plaintiff), from a Superior Court judgment that denied its complaint for declaratory relief and granted judgment for the defendant, Medical Malpractice Joint Underwriting Association (JUA or defendant). The trial justice found that the state lacked standing in this case because it was not a party to the medical liability insurance contract at issue, but she then proceeded to address the merits of the controversy. She determined that: (1) the state was not an intended third-party beneficiary under the medical malpractice" policy that the JUA issued to Mark O'Brien, M.D. (Dr. O'Brien), a defendant in a tort action;[1] (2) *220 the state's argument that it was an implied additional insured party was without merit because Rhode Island has not adopted such a doctrine; and (3) the state failed to show that the JUA was equitably estopped from denying coverage to the state for the underlying tort claim. For the reasons stated in this opinion, we deny this appeal as moot.
The JUA is an association, established by statute, authorized to provide liability insurance for medical malpractice claims. See G.L.1956 § 42-14.1-1. By establishing the JUA, the Legislature sought to create a stable and sustainable market for medical malpractice insurance. Through its compliance with various statutorily imposed policies, the JUA endeavors to provide affordable medical malpractice insurance to Rhode Island healthcare providers. See id.
Although we have some reservations about the trial justice's finding that the state had no standing to seek declaratory relief, we need not address this issue because we are of the opinion that this case is moot. The underlying tort claim for which the issue of insurance coverage was in dispute ended when a final judgment was entered for all defendants and this Court affirmed that judgment. "This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." Cicilline v. Almond, 809 A.2d 1101, 1105 (R.I.2002) (quoting Associated Builders & Contractors of Rhode Island, Inc. v. City of Providence, 754 A.2d 89, 90 (R.I.2000)). This Court will "only consider cases involving issues in dispute; we shall not address moot, abstract, academic, or hypothetical questions." Morris v. D'Amario, 416 A.2d 137, 139 (R.I.1980).
The tort claim that is the subject of this insurance coverage controversy, Broadley, included, inter alia, an allegation of medical negligence against Dr. O'Brien, a state employee. That case ended when a judgment was entered, pursuant to Rule 52 of the Superior Court Rules of Civil Procedure, on behalf of the state on all counts. That judgment was affirmed, thereby foreclosing the possibility of any future litigation of the issues that plaintiff raised in that case.[2] Thus, we reject the state's claim that it has a continuing stake in a controversy that no, longer exists.
This Court will review an otherwise moot case when the issues raised implicate matters "of extreme public importance, which are capable of repetition but which evade review." Cicilline, 809 A.2d at 1105-06 (quoting Sullivan v. Chafee, 703 A.2d 748, 752 (R.I.1997)). Such issues usually "relate to important constitutional rights, matters concerning a person's *221 livelihood, or matters concerning citizen voting rights." Id. at 1106 (quoting Associated Builders & Contractors of Rhode Island, Inc., 754 A.2d at 91). This case does not fall within this limited exception to the mootness doctrine.
In 1995, § 9-31-12 ("Indemnification Reservation of obligationCertification"), was amended by P.L.1995, ch. 45, § 1, in order to provide increased liability protection for state employees, for tort claims based on conduct that occurred within the scope of their employment, by (1) removing the $50,000 indemnification cap for damages; and (2) providing for substitution of the state as a party defendant in place of the employee.[3] The record discloses that, beginning in 1998, the state purchased medical malpractice insurance coverage that named the state as an insured and also named all full-time state-employed physicians as additional insureds.[4]
The insurance policy that is the subject of plaintiff's appeal was issued by the JUA in 1993 and expired in 1994. It was an occurrence-based policy that did not name the state as an insured; nor was the state named in any policy between Dr. O'Brien and the JUA that provided coverage from 1982 through 1998.[5] Because the statute of limitations for medical malpractice tort claims is three years from the time of the occurrence,[6] G.L.1956 § 9-1-14.1, it is highly unlikely that any more claims, under these occurrence-based policies, will arise between the JUA and the state. Thus, the ultimate issue in this appeal whether the state is entitled to insurance coverage under a lapsed medical malpractice liability insurance policy between the JUA and a Department of Mental Health, Retardation, and Hospitals physician does not meet the limited exception to the mootness doctrine of being capable of repetition yet evading review. Consequently, we decline to entertain this appeal because we deem it moot.
For the reasons stated in this opinion, this appeal is denied. The papers in this case may be returned to the Superior Court.
NOTES
[1] See Broadley v. State of Rhode Island, 939 A.2d 1016 (R.I.2008). In Broadley, a civil action seeking money damages was brought on behalf of Melodye Broadley, a mentally disabled and non-ambulatory woman. The plaintiffs filed a civil action against Smithfield Commons Apartments, a state funded and operated facility, as well as against certain state employees and officials, for an alleged sexual assault that occurred in February 1994. In April 2003, the trial justice in Broadley granted a motion for certification and substitution under G.L.1956 § 9-31-12(b), substituting the state as a party and dismissing Dr. O'Brien as a defendant.

On October 2, 2006, the Superior Court entered two final judgments. A final judgment was entered for and on behalf of defendant State of Rhode Island on all counts and claims. An accompanying final judgment also was entered for and on behalf of defendant Samuel Waddington, the alleged tortfeasor.
[2] See Broadley, at 1022. After hearing the arguments of counsel and examining the memoranda submitted by the parties, the Supreme Court decided the case without further briefing or argument, and affirmed the judgment.
[3] If the claim arises out of "actual fraud, willful misconduct, or actual malice by the employee," substitution is not permitted. Section 9-31-12(b).
[4] The defendant filed a request for admissions of plaintiff on December 23, 2004, requesting that the state admit that in 1998:(1) it acquired a medical malpractice professional liability insurance policy through ProSelect Insurance Company, which named the state as insured and included all full-time Department of Mental Health, Retardation, and Hospitals physicians as additional insureds; and (2) the new policy replaced the prior practice of the state, which required physicians to obtain their own individual medical malpractice insurance, the cost of which the state would reimburse. The trial justice admitted the state's response to the request for admissions at a hearing on February 8, 2005. The state objected on relevance and materiality grounds, but stated "[o]ther than that we have no problem with admitting the response for the request for admissions."
[5] However, Dr. O'Brien and other state-employed physicians were able to obtain complete reimbursement from the state for policy costs.
[6] We recognize that a rare occasion may arise in which the statute of limitations for a medical malpractice claim has not run. See § 9-1-14.1(1) (individuals under disability by age, mental incompetence or otherwise may bring an action within three years following the removal of the disability); see also § 9-1-14.1(2) (injuries that are not reasonably discoverable at the time of the occurrence may commence within three years of the date at which time they are reasonably discoverable). However, these exceptions are of no moment to this appeal.