HALLSMITH–SYSCO FOOD
SERVICES, LLC

v.

James D. MARQUES, alias, in his
capacity as the Town Clerk for
the Town of North Kingstown.

No. 2008–203–Appeal.

Supreme Court of Rhode Island.

May 22, 2009.

Michael S. Pezzullo, Esq., Providence, for plaintiff.

James H. Reilly, Esq., Providence, for defendant.

Present: GOLDBERG, Acting C.J., FLAHERTY, SUTTELL, JJ., and WILLIAMS, C.J. (Ret.).

## OPINION

Justice SUTTELL, for the Court.

The plaintiff, Hallsmith–Sysco Food Services, LLC (Hallsmith–Sysco), appeals from a Superior Court judgment in favor of the defendant, James D. Marques, in his capacity as the town clerk for the Town of North Kingstown. Hallsmith–Sysco contends that the Superior Court erred in denying its application for a writ of mandamus compelling Mr. Marques to accept an objection to the possible future transfer of a liquor license issued to Intus, LLC d/b/a Wickford Gourmet Foods (Wickford Gourmet) and Ugur Yilmaz, alias. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After examining the written and oral submissions of the parties, we are of the opinion that further briefing or argument is unnecessary. Because this case is patently moot, we deny and dismiss the appeal.

### Facts and Procedural History

The material facts are not in dispute. On July 31, 2007, Hallsmith–Sysco, a wholesale food distributor, obtained a judgment of $13,883.79, plus accrued statutory interest, against Wickford Gourmet and Ugur Yilmaz, who maintained a liquor license in the operation of a business at 21–25 West Main Street, North Kingstown, Rhode Island. Hallsmith–Sysco has been unable to collect on its judgment, however, because Wickford Gourmet has ceased business operation and Ugur Yilmaz now resides in the Republic of Turkey.

As a means of protecting its status as a judgment creditor, Hallsmith–Sysco sought to file with the town an objection to any future transfer of Wickford Gourmet's liquor license under G.L. 1956 § 3–5–19.[1]

---

1. General Laws 1956 § 3–5–19 provides, in relevant part:

"The board, body or official which has issued any license under this title may permit the license to be used at any other place within the limits of the town or city where the license was granted, or, in their discretion, permit the license to be transferred to another person, but in all cases of change of licensed place or of transfer of license, the issuing body shall, before permitting the change or transfer, give notice of the application for the change or transfer in the same manner as is provided in this chapter in the case of original application for the license, and a new bond shall be given upon the issuance of the license provided, that notice by mail need not be made in the case of a transfer of a license without relocation. *In all cases of transfer of license, indebtedness of the licensee incurred in the operation of the licensed premises shall be paid to or released by an objecting creditor before the*

On November 10, 2007, an attorney on behalf of Hallsmith–Sysco notified the town by letter of its creditor status and requested that the town "place this [n]otice in the permanent file of Intus, LLC d/b/a Wickford Gourmet and Ugur Yilmaz, Alias." Mr. Marques declined to do so, averring in a letter dated November 13, 2007, that the statute does not require the town to accept a notice of objection unless an application to transfer that particular liquor license is pending.

■ On December 31, 2007, Hallsmith–Sysco filed an application for writ of mandamus to compel the town clerk to accept and maintain Hallsmith–Sysco's notice of objection.[2] A hearing was held on February 8, 2008, and on February 22, 2008 the hearing justice issued a bench decision in favor of the town on the grounds that the plain language of the statute requires that the town clerk accept creditors' objections only when a liquor-license transfer application is pending. Because Wickford Gourmet was not in the process of transferring its license, the hearing justice decided that the town clerk was not obligated to accept Hallsmith–Sysco's notice of objection. An order and judgment denying Hallsmith–Sysco's application for issuance of a writ of mandamus was entered on March 3, 2008. and March 4, 2008, respectively. The plaintiff timely filed a notice of appeal.

At a prebriefing conference held on December 17, 2008, the town represented that the Town Council of North Kingstown voted, at a regular meeting held on August 4, 2008, "[t]o decrease the Class B–Limited Alcoholic Beverage License Limits from [seven] to [five]," expressly eliminating Wickford Gourmet's liquor license. Thus, Wickford Gourmet's liquor license cannot be transferred because it no longer exists, nor can it be revived.

## Discussion

■ A threshold issue presented by this appeal is whether the case is now moot because of the town's elimination of Wickford Gourmet's liquor license. This Court will not decide a question if it would fail to have a practical effect on an actual controversy. *City of Cranston v. Rhode Island Laborers' District Council Local 1033*, 960 A.2d 529, 533 (R.I.2008) (citing *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I.1980)). "This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *State v. Medical Malpractice Joint Underwriting Association*, 941 A.2d 219, 220 (R.I.2008) (quoting *Cicilline v. Almond*, 809 A.2d 1101, 1105 (R.I.2002)). We generally decline to address moot cases because "without the presence of a justiciable case or controversy, * * * judicial power * * * is at its weakest ebb." *Cicilline*, 809 A.2d at 1106 (quoting *Sullivan v. Chafee*, 703 A.2d 748, 752 (R.I.1997) (" 'our whole idea of judicial power' is the power of courts to apply laws

*issuing body permits the transfer.* In cases of dispute as to the amount of indebtedness, the issuing body, may, in its discretion, permit the transfer upon statement of the licensee, under oath, that the claim of indebtedness is disputed and that the statement of dispute is not interposed for the purpose of inducing transfer of the license. No creditor is allowed to object to the transfer of a license by a receiver, trustee in bankruptcy, assignee for the benefit of creditors, executor, administrator, guardian or

by any public officer under judicial process." (Emphasis added.)

2. A writ of mandamus is an "extreme remedy." *New England Development LLC v. Berg*, 913 A.2d 363, 368 (R.I.2007). It "will be issued only when: (1) the petitioner has a clear legal right to the relief sought, (2) the respondent has a ministerial duty to perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law." *Id.*

to cases and controversies within their jurisdiction")). Here, the extinguishment of Wickford Gourmet's liquor license by the town has deprived Hallsmith–Sysco of a continuing stake in this matter as there is no longer any potential for even a future liquor-license transfer. There is nothing to which Hallsmith–Sysco can object. Because a decision on the merits by this Court would have no effect on the actual litigants, the issue raised in this appeal clearly is moot.

We note that a determination of mootness does not always preclude judicial review. *In re Court Order Dated October 22, 2003,* 886 A.2d 342, 348 (R.I.2005). "One narrow exception to the mootness doctrine exists for those cases that are 'of extreme public importance, which are capable of repetition but which evade review.'" *City of Cranston,* 960 A.2d at 533 (brackets omitted). A matter of extreme public importance usually implicates important constitutional rights, voting rights, or a person's livelihood. *Id.* at 533–34. "This Court will exercise its discretion in determining if a matter raised on appeal is of such importance." *Id.* at 534.

Although Hallsmith–Sysco concedes that extinguishment of Wickford Gourmet's liquor license renders this case moot, it contends that the issues raised by this case warrant our review. According to Hallsmith–Sysco, "[o]ther municipalities have policies similar to that of the Town of North Kingstown with regard to outright rejection of trade creditor objections to any future liquor license transfers" and that collection efforts by trade creditors similarly situated will be repetitively "stymied" by such policies. Hallsmith–Sysco argues that the challenged action is in its duration too short to be fully litigated before its cessation or expiration because almost all liquor licenses statutorily expire within one year or less of issuance. *See*

§ 3–5–8. Additionally, Hallsmith–Sysco argues that the issue raised in this appeal is of great public importance because it concerns the constitutional due-process rights of trade creditors. The town counters that the issue here does not rise to the level of "extreme public importance" as to warrant review. We agree with the town.

Even assuming, *arguendo,* that the factual scenario of this case is one capable of repetition while evading review, that conclusion, by itself, is not sufficient to bring a matter within the narrow exception to the mootness doctrine. We simply do not deem this matter to be one of great public importance. The question the Court is presented with in this case does not implicate concerns of constitutional dimension, citizens' voting rights or matters pertaining to an individual's livelihood. *See City of Cranston,* 960 A.2d at 533–34. Although this is not an exhaustive list of those matters this Court may consider to be of extreme public importance, we never have held creditors' rights or municipal filing procedures to be such. *Cf. In re Westerly Hospital,* 963 A.2d 636, 639 (R.I. 2009) (mem.) (holding that challenges to procedure do not fall under the extreme-public-importance exception to the mootness doctrine). The issue presented in this case is a narrow question of statutory construction that is unlikely to have any pragmatic effect on or raise any real concerns for the citizens of this state. Accordingly, we decline to address the merits of this case.

Hallsmith–Sysco, a supplier that maintains it does business throughout Rhode Island, presented to this Court that there are currently four schools of practice in the municipalities of this state with regard to § 3–5–19. According to the plaintiff, some cities and towns accept all objection filings at any time and maintain them in a permanent file.[3] Some municipalities ac-

---

3. Counsel for Hallsmith–Sysco submitted to     the Superior Court an affidavit in support of

cept objections for filing, but require that creditors renew their objections each year. Still others accept all objections and condition the renewal of a business's liquor license on the satisfaction of those debts and obligations. Finally, some municipalities, such as the Town of North Kingstown, reject any and all objection filings until a liquor license transfer is pending. In light of these differing practices, we think this matter is one that is more properly directed to the attention of the General Assembly.

### Conclusion

We conclude that the issue in this case is moot and does not warrant review. We therefore deny and dismiss the appeal. The papers in this case shall be remanded to the Superior Court.

Justice ROBINSON did not participate.

the complaint for a writ of mandamus that had attached thereto correspondence between himself, on behalf of various clients, and the clerks of various cities and towns. The correspondence shows that many cities and towns accept and file creditors' objections to the future transfer of liquor licenses, absent a pending transfer application, including Providence, Warwick, West Warwick, Smithfield, South Kingstown, Newport, and Portsmouth.