**H.V. COLLINS COMPANY**

v.

**Jerome WILLIAMS, et al.**

No. 2009–154–Appeal.

Supreme Court of Rhode Island.

March 24, 2010.

Girard R. Visconti, Esq., Providence, for Plaintiff.

Michael D. Mitchell, Esq., Max Wistow, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

In the words of William Shakespeare, "Better three hours too soon than a minute too late." [1] Unfortunately, the plaintiff in this case did not heed that admonition. After a construction bid was submitted two minutes late, it was opened, announced, and recorded—and then subsequently rejected the next day because it was untimely.

This case came before the Supreme Court on March 3, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be dismissed because it is moot.

## Facts and Travel

The facts in this case arise from a bid opening by the State of Rhode Island (state) seeking bids for a general contractor to build a new state police headquarters and E 9-1-1 facility. The bid procedure was administered by the Department of Administration (department). The original invitation for bids designated November 19, 2008, by 1:45 p.m. for the submission of bids. There were subsequent addenda with respect to the submission time, with a final date and time being set at November 25, 2008, by 2:30 p.m. A number of timely bids were submitted, including the winning bid by A.F. Lusi Construction, Inc. (Lusi)—a contractor also named as a defendant in this case. The plaintiff, H.V. Collins Company (Collins), submitted its bid at 2:32 p.m.—two minutes late. Notwithstanding, an employee of the department publicly opened and recorded Collins's bid. Collins was the low bidder, with a bid of $20,900,000. Lusi's bid was $21,397,000.

The next day, the purchasing agent for the department notified Collins that, because its bid was deemed untimely it would not be considered by the awarding authority. In what has been referred to as a bid protest, Collins wrote to the department requesting reconsideration of the bid. Collins's bid protest was unavailing, and on December 23, 2008, the department awarded the contract to Lusi. However, Collins, on December 12, 2008, commenced suit in Superior Court against Jerome Williams, the director of the department, in his capacity as chief purchasing officer for the state.[2] Thereafter, a second amended complaint was filed by Collins that also added Lusi as a defendant.

On March 10, 2009, a justice of the Superior Court entertained the parties' cross-motions for summary judgment. The plaintiff urged the court to grant its motion for summary judgment because, Collins argued, by opening and recording the bid, the state waived the timeliness defect on behalf of the purchasing agent. The trial justice rendered a bench decision on March 30, 2009, and found that the state did not waive its right to insist on compliance with the bid specifications by

---

1. William Shakespeare (The Merry Wives of Windsor) in Bartlett's Familiar Quotations 182 (16th ed.1992).

2. Shortly thereafter, Gary Sasse was substituted as a party defendant.

simply opening and recording Collins's bid because doing so was a ministerial act. The trial justice's decision was based on G.L.1956 § 37–2–51 that provides:

"The decision of any official, board, agent, or other person appointed by the state concerning any controversy arising under or in connection with the solicitation or award of a contract shall be entitled to a presumption of correctness. The decision shall not be disturbed unless it was: procured by fraud; in violation of constitutional or statutory provisions; in excess of the statutory authority of the agency; made upon unlawful procedure; affected by other error or law; clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; arbitrary; capricious; characterized by an abuse of discretion; or clearly unwarranted exercise of discretion."

The trial justice concluded that opening the bid and then subsequently rejecting it as untimely did not constitute an abuse of discretion. The trial justice granted summary judgment in favor of defendants, and a judgment was entered on April 1, 2009. Collins filed a notice of appeal to the Supreme Court on April 3, 2009. The parties thereafter were directed to submit additional memoranda addressing whether this case was moot. The question of mootness arose because construction of the facility has proceeded apace, is near completion, and Collins did not make a claim for monetary damages.[3]

### Standard of Review

■ It is well settled that a necessary predicate to this Court's exercise of jurisdiction is an actual, justiciable controversy. *Sullivan v. Chafee*, 703 A.2d 748, 751 (R.I.

1997). The Supreme Court will not entertain an abstract question or render an advisory opinion, *id.*, with the exception for constitutionally mandated advisory opinions found in article 10, section 3, of the Rhode Island Constitution. "For a claim to be justiciable, two elemental components must be present: (1) a plaintiff with the requisite standing and (2) 'some legal hypothesis which will entitle the plaintiff to real and articulable relief.'" *N & M Properties, LLC v. Town of West Warwick*, 964 A.2d 1141, 1145 (R.I.2009) (quoting *Bowen v. Mollis*, 945 A.2d 314, 317 (R.I.2008)).

■ As a general rule, the Supreme Court will "only consider cases involving issues in dispute; we shall not address moot, abstract, academic, or hypothetical questions." *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I.1980). This rule, however, is not absolute; an exception to the mootness doctrine lies when the issue or question presented, "while technically moot or deficient in some other respect, involves issues 'of extreme public importance, which are capable of repetition but which evade review.'" *In re Stephanie B.*, 826 A.2d 985, 989 (R.I.2003) (quoting *Morris*, 416 A.2d at 139).

### Analysis

■ Although we decide this public-bid controversy on mootness grounds, we pause to note that it was unfortunate that the state opened an untimely bid at the bid opening only to reject it later on the ground that it was late. If the bid had been rejected in the first instance rather than the next day, these parties would not be before us. At oral argument, counsel for the department went so far as to de-

---

3. In a motion filed with the Superior Court on January 6, 2009, Collins withdrew its request for injunctive relief.

clare that the untimely bid was "accepted," a word of legal significance in the public bidding arena, a suggestion that further denigrates the bidding procedures employed by the department. Unfortunately for Collins, there is no relief available in the context of this case.

In its second amended complaint, Collins sought both a judgment declaring the contract award invalid as well as injunctive relief to restrain the department from awarding the contract to Lusi. Subsequently, Collins withdrew its motion for preliminary injunction, thereby leaving only the declaratory relief request.[4] Lusi argues to this Court that the construction for the state police headquarters and E 9–1–1 facility substantially is complete, a fact that is not in dispute. Thus, it is clear to this Court that there is no viable relief available to plaintiff at this point. In arguing against mootness, Collins proposes that should it prevail, it could return to Superior Court and seek to amend its complaint to include monetary damages; that argument, however, will not overcome the mootness bar in this case.

■■■ This Court will not review a case in which the parties no longer have an articulable stake in the outcome. *See In re New England Gas Co.*, 842 A.2d 545, 553 (R.I.2004) (deciding the case was moot because the rate-case at issue was settled and the labor dispute had ended). Here, the contract was awarded to Lusi and the construction is nearly complete. This Court will review an otherwise moot

case only when the issues are "of extreme public importance, which are capable of repetition but which evade review." *Sullivan*, 703 A.2d at 752 (quoting *Morris*, 416 A.2d at 139). Issues of extreme public importance usually implicate "important constitutional rights, matters concerning a person's livelihood, or matters concerning citizen voting rights." *In re New England Gas Co.*, 842 A.2d at 554 (quoting *Cicilline v. Almond*, 809 A.2d 1101, 1106 (R.I.2002)). The issues involved in this public bidding case do not implicate these concerns.

### Conclusion

For the reasons stated in this opinion, we affirm the grant of summary judgment and remand the record to the Superior Court.

---

4. We note the heavy burden that any party seeking to enjoin a putative bid award must bear. *In Truk Away of Rhode Island, Inc. v. Macera Bros. of Cranston, Inc.*, 643 A.2d 811, 816 (R.I.1994), we declared that:

"We reaffirm the principles set forth in [*Paul*]*Goldman[, Inc. v. Burns*, 109 R.I. 236, 283 A.2d 673 (1971)] and *Gilbane[ Bldg. Co. v. Bd. of Trustees of State Colleges*, 107 R.I. 295, 267 A.2d 396

(1970)], both *supra*, and express our firm belief that government by injunction save in the most compelling and unusual circumstances is to be strictly avoided. In the absence of bad faith or corruption, a finding of palpable abuse of discretion should be approached with grave caution and be based upon much more compelling evidence of arbitrariness or capriciousness than may be found in mere complexity."