**Supreme Court**
No. 2015-140-Appeal.
(W14-41A)

Mark Robar          :

v.          :

Albert Robar.          :

**O R D E R**

This matter came before the Supreme Court on January 26, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.[1]  After examining the memoranda filed by the parties,[2] we conclude that cause has not been shown and we proceed to decide the appeal at this time.  For the reasons set forth herein, we conclude that subsequent events have rendered this appeal moot, and we therefore decline to address its merits.

On July 1, 2014, in the Washington County Family Court, Mark Robar (plaintiff) filed a complaint for protection from abuse from his father, Albert Robar (defendant).  The court issued a temporary order, and a trial was held on January 26, 2015, during which plaintiff alleged that his father continuously stalked and harassed him and his wife, placing them in fear of harm.  Specifically, plaintiff testified that on June 30, 2014, he was parked in front of his home in his truck, when he saw defendant walking by the residence, using a cell phone to record the

---

[1] The pro se plaintiff was defaulted by order of this Court entered on September 2, 2015, for failing to file a Rule 12A counter-statement in accordance with Article I, Rule 18A of the Supreme Court Rules of Appellate Procedure.  Thus, the Court shall proceed without argument or briefing from plaintiff.

[2] The defendant's motion to rest on the memoranda and papers was granted by order of this Court on January 20, 2017.

- 1 -

encounter. The plaintiff's wife testified that she has observed defendant in front of their home on numerous occasions and that she has been followed by defendant, even after the temporary restraining order was issued, in August 2014. She testified that she lives in constant fear of her father-in-law. The defendant testified that he works approximately one-half mile from his son's residence and that, on June 30, 2014, he was "simply walking" when plaintiff yelled defamatory expletives at him. The defendant testified that he held his cell phone in such a way as to create the impression that he was recording his son's outburst, in order to protect himself. The defendant added that he has never approached his son or his daughter-in-law.

After considering the evidence presented, and noting that "[t]here is clearly a history between father and son," the Family Court justice determined that, although defendant may not have recorded his son with the cellphone, the impression he made placed plaintiff in fear. The Family Court justice also credited the daughter-in-law's fear, stating, "[s]he is clearly afraid of her father-in-law." Accordingly, the Family Court justice issued an order of protection from abuse that was effective until January 26, 2016. The defendant timely appealed the order, claiming inter alia, that the Family Court justice's findings were vague and irrelevant and that his conduct did not satisfy the definition of domestic abuse pursuant to G.L. 1956 chapter 15 of title 15.

We decline to address the merits of defendant's appeal because the order expired in January 2016, and therefore, the case is moot. See Hallsmith-Sysco Food Services, LLC v. Marques, 970 A.2d 1211, 1213 (R.I. 2009) ("This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." (quoting State v. Medical Malpractice Joint Underwriting Association, 941 A.2d 219, 220 (R.I. 2008))). "We generally

decline to address moot cases because 'without the presence of a justiciable case or controversy, * * * judicial power * * * is at its weakest ebb.'" Id. (quoting Cicilline v. Almond, 809 A.2d 1101, 1106 (R.I. 2002)). "We note that a determination of mootness does not always preclude judicial review," and that we exercise our discretion in considering cases that are "'of extreme public importance, which are capable of repetition but which evade review.'" Id. at 1214 (quoting City of Cranston v. Rhode Island Laborers' District Council Local 1033, 960 A.2d 529, 533 (R.I. 2008)).

Certainly, a justiciable controversy between father and son existed when this case was heard before the Family Court; however, the expiration of the order has since deprived the parties of any meaningful stake in the outcome. Because this Court's determination of whether the order was properly entered and enforceable would fail to have a practical effect on the existing controversy, we decline to address the merits. See City of Cranston, 960 A.2d at 533 ("If this Court's judgment would fail to have a practical effect on the existing controversy, the question is moot, and we will not render an opinion on the matter." (citing Morris v. D'Amario, 416 A.2d 137, 139 (R.I. 1980))). The defendant submits that this Court should exercise its discretion in considering the merits of the appeal because although the order has expired, the judgment potentially could serve as the basis for a finding of a pattern of harassment were any future proceeding to arise. We decline to do so. The abstract or hypothetical possibility of further controversy between these family members does not rise to the level of a justiciable controversy or warrant departure from this Court's traditional approach to the mootness doctrine.

We pause to note, however, that even if this appeal presented a justiciable controversy, when reviewing a trial justice's issuance of an injunction, "this Court will overturn the justice's findings of fact only when they are clearly wrong or when the justice has overlooked or

misconceived material evidence." Cullen v. Tarini, 15 A.3d 968, 976 (R.I. 2011) (quoting Board of Governors for Higher Education v. Infinity Construction Services, Inc., 795 A.2d 1127, 1129 (R.I. 2002)). The defendant has not persuaded us that the Family Court justice overlooked or misconceived material evidence or was otherwise clearly wrong. Accordingly, the appeal is denied and dismissed. The record shall be remanded to the Family Court.

Entered as an Order of this Court this **2nd** day of **March, 2017**.

By Order,

_____/s/_____
Clerk

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Mark Robar v. Albert Robar. | |
| **Case Number** | No. 2015-140-Appeal. <br> (W14-41A) | |
| **Date Order Filed** | March 2, 2017 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Washington County Family Court | |
| **Judicial Officer From Lower Court** | Associate Justice Stephen J. Capineri | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Mark Robar, *Pro Se* | |
| | For Defendant: <br><br> Frank R. Saccoccio, Esq. | |