Supreme Court

No. 2018-87-Appeal.
(MH 18-60)
(Concurrence begins on page 3)

| | |
|---|---|
| Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals | : |
| v. | : |
| L.Z. | : |

**O R D E R**

The respondent, L.Z., appeals from a February 23, 2018 order issued by the District Court certifying her to inpatient treatment at Butler Hospital, finding her not competent to make informed decisions with respect to recommended medications, and consenting to the administration of certain medications to her. That order was later amended on June 8, 2018; the terms of the amended order remained essentially the same, except for the fact that it certified L.Z. to outpatient treatment at The Kent Center. On appeal, L.Z. contends that there were evidentiary errors committed at the February 23, 2018 hearing that was the predicate for the order from which she appeals. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this case should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this

- 1 -

case may be decided at this time. For the reasons stated herein, it is our considered opinion that this case is moot.[1]

We need not delve deeply into the factual underpinnings of this case given our conclusion that this appeal is moot. It suffices to say that a hearing was held on February 23, 2018 concerning a Petition for Civil Court Certification, filed pursuant to G.L. 1956 § 40.1-5-8(a), and a Petition for Instructions, filed pursuant to § 40.1-5-8(m), with respect to appellant. That hearing resulted in an order being entered on that date certifying L.Z. to Butler Hospital and consenting on her behalf to the administration of numerous medications. That February 23, 2018 order, from which L.Z. appeals, expired by its own terms on August 23, 2018. On June 8, 2018, the February 23, 2018 order was amended to certify L.Z. to outpatient treatment at The Kent Center. The other terms of the original order remained in effect, except for the fact that the June 8, 2018 amended order expired pursuant to its terms on August 16, 2018. We note that there was an additional certification order with respect to L.Z. entered in the District Court in August of 2018, which order is not at issue in this appeal. It was represented by L.Z.'s counsel at oral argument before this Court that that order had also expired and that L.Z. was no longer subject to a certification order.

Given the just-discussed facts and chronology, this Court is led to the ineluctable conclusion that the instant case is moot. This Court has held that "a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *Hallsmith-Sysco Food Services, LLC v. Marques*, 970 A.2d 1211, 1213 (R.I. 2009) (internal quotation marks omitted). In this case, the

---

[1] The timeliness of L.Z.'s appeal has been raised as an issue before this Court, but we need not address that issue given our conclusion that, even if the appeal was timely filed, it is nonetheless moot.

order from which L.Z. now appeals has expired. L.Z. is no longer committed or required to take medication against her will under the appealed-from order (or any other order of which this Court is aware). *See Robar v. Robar*, 154 A.3d 947, 948 (R.I. 2017) (mem.) (stating that the order at issue in that case had expired and therefore the case was moot). Thus, even if we were to agree with L.Z.'s evidentiary arguments, there is simply no relief that we are able to provide L.Z. at this time. *See Hallsmith-Sysco Food Services, LLC*, 970 A.2d at 1213 ("This Court will not decide a question if it would fail to have a practical effect on an actual controversy."); *see also H.V. Collins Co. v. Williams*, 990 A.2d 845, 847 (R.I. 2010) ("It is well settled that a necessary predicate to this Court's exercise of jurisdiction is an actual, justiciable controversy."); *Cicilline v. Almond*, 809 A.2d 1101, 1105-06 (R.I. 2002) (stating that the Court will not adjudicate a moot case because "whenever a court acts without the presence of a justiciable case or controversy, its judicial power to do so is at its weakest ebb") (internal quotation marks omitted).

Accordingly, we dismiss L.Z.'s appeal on the grounds of mootness.


**Justice Indeglia, with whom Justice Robinson joins, concurring.** While we agree with the majority that this case is moot, we write separately to note that we share the concern of appellant's counsel, expressed at oral argument before this Court, that because orders such as the one at issue in this case are in effect for a mere six months, it is inherently difficult, if not impossible, for an appeal from such an order to be heard and decided by this Court before the order expires and the case becomes moot. *See* G.L. 1956 § 40.1-5-8(j). In cases such as the one at bar, § 40.1-5-8(k)(2) requires that "[a]ppeals under this section shall be given precedence, insofar as practicable, on the [S]upreme [C]ourt dockets." Thus, we believe that it is incumbent

upon this Court to give precedence to such cases in the future so that any appeal therefrom is not rendered meaningless.

Entered as an Order of this Court, this 3rd day of June, 2019.

By Order,

/s/

_____

Clerk

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals v. L.Z. | |
| **Case Number** | No. 2018-87-Appeal. (MH 18-60) | |
| **Date Order Filed** | June 3, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Sixth Division District Court | |
| **Judicial Officer From Lower Court** | Associate Judge Madeline Quirk | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kate Breslin Harden, Esq. | |
| | For Respondent:<br><br>Susan B. Iannitelli, Esq. | |