**Supreme Court**
No. 2020-221-Appeal.

In re K.S.                    :

**O R D E R**

The respondent in this case, Katelyn Sullivan,[1] appeals from the entry of an order issued by the Sixth Division of the District Court certifying her to inpatient treatment, a medication maintenance program, and case management services at Westerly Hospital from August 7, 2020 to February 7, 2021.  On appeal, Ms. Sullivan avers that the hearing justice erred in denying: (1) her motion for a writ of habeas corpus, which motion invoked G.L. 1956 § 40.1-5-12(1); and (2) her motion to dismiss under Rule 12(b)(2) of the District Court Civil Rules.  This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After a careful review of the record and the parties' arguments (both written and oral), we are of the opinion that cause has not been shown and that the appeal may be resolved without

---

[1]     Katelyn Sullivan is a pseudonym for the actual respondent, whose privacy we wish to protect.

further briefing or argument. For the reasons set forth herein, it is our considered opinion that the instant case should be dismissed as moot.

In early July of 2020, Ms. Sullivan was briefly hospitalized at Lawrence + Memorial Hospital in New London, Connecticut, after having been found lying on the sidewalk in front of that hospital, expressing suicidal ideations and exhibiting signs of dementia. Soon after her arrival, the physicians at that New London hospital determined that Ms. Sullivan met the qualifying criteria set forth in Conn. Gen. Stat. § 17a-502 for emergency certification; as such, she was certified to that hospital and subsequently admitted. In view of Ms. Sullivan's treatment needs, the medical staff of the New London hospital determined that its own facilities were inadequate to continue treating Ms. Sullivan. Accordingly, the decision was made by medical staff to transfer Ms. Sullivan to Westerly Hospital in nearby Westerly, Rhode Island, because the latter hospital had a locked psychiatric unit which, in their judgment, would be better suited for Ms. Sullivan's care. Following the transfer, the physicians of Westerly Hospital performed their own evaluation and emergency certified Ms. Sullivan pursuant to the relevant Rhode Island statute (§ 40.1-5-7).

Thereafter, on July 15, 2020, a physician at Westerly Hospital, through the Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals, filed in the District Court a Petition for Civil Court Certification pursuant to § 40.1-5-8(a) and a Petition for Instructions pursuant to § 40.1-5-8(m), seeking an

order certifying Ms. Sullivan for continued treatment and for the administration of certain medications. In response, on July 23, 2020, the Rhode Island Office of the Mental Health Advocate (the Advocate) filed a motion for a writ of habeas corpus and a motion to dismiss for lack of personal jurisdiction on behalf of Ms. Sullivan. At a hearing on July 30, 2020, the Advocate contended that the process by which Ms. Sullivan was transferred from the hospital in New London to Westerly Hospital violated her constitutional right to due process and that, because of the involuntary nature of the transfer from Connecticut to Rhode Island, the District Court lacked personal jurisdiction over her. The hearing justice denied both motions, finding that: (1) the process by which Ms. Sullivan was transferred was legal; and (2) that the District Court had personal jurisdiction over Ms. Sullivan. An order was entered on August 7, 2020, granting Westerly Hospital's Petition for Civil Court Certification.[2] Ms. Sullivan filed a timely notice of appeal on August 17, 2020 pursuant to § 40.1-5-8(k). In the Fall of 2020, Ms. Sullivan was placed under a temporary conservatorship and transferred to a long-term care facility in Hamden, Connecticut. Consequently, this case was taken off the District Court's calendar and was never reviewed for amendment or renewal.

In view of the just-summarized travel of the instant matter, it is our considered opinion that the case has become moot. *See City of Cranston v. Rhode Island*

---

[2] Significantly, that certification expired by its own terms on February 7, 2021.

*Laborers' District Council, Local 1033*, 960 A.2d 529, 533 (R.I. 2008) ("If this Court's judgment would fail to have a practical effect on the existing controversy, the question is moot, and we will not render an opinion on the matter."); *see also Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals v. L.Z.*, 208 A.3d 242, 243 (R.I. 2019) (mem.); *Morris v. D'Amario*, 416 A.2d 137, 139 (R.I. 1980). For this reason, we need not and shall not address the various issues alluded to by the parties in their submissions to this Court.

Accordingly, the instant appeal is dismissed on the grounds of mootness.

Entered as an Order of this Court this   24th   day of   November   2021.

By Order,

/s/ Debra A. Saunders, Clerk
_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In re K.S. | |
| **Case Number** | No. 2020-221-Appeal. (MH-20-312) | |
| **Date Order Filed** | November 24, 2021 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | 6th Division District Court | |
| **Judicial Officer from Lower Court** | Associate Judge Pamela Woodcock-Pfeiffer | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>John D. Plummer, Esq.<br>Thomas J. Corrigan, Jr.<br>Kate Breslin Harden, Esq. | |
| | For Respondent:<br><br>Jacqueline I. Burns, Esq.<br>Megan N. Clingham, Esq. | |