**Supreme Court**
No. 2024-359-Appeal.

In re G.S.                    :

# O R D E R

The respondent, G.S., appeals from an amended order issued by the District Court certifying him to outpatient treatment, finding him not competent to make informed decisions with respect to recommended medications, and consenting to the administration of certain medications.  On appeal, G.S. contends that the order was made in plain error and that he was unable to prepare for trial.

This case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After a careful review of the record and oral argument, we are of the opinion that cause has not been shown and that the appeal may be resolved without further briefing or argument.  For the reasons set forth herein, the matter before the Court is moot.

In September 2024, G.S. was engaging in increasingly erratic behavior in the community.  In response to G.S.'s escalating behavior, Scituate police requested an evaluation of G.S. at Gateway Healthcare Inc. (Gateway) that resulted in G.S.'s

admission to Rhode Island Hospital under emergency certification. Shortly thereafter, Jared Au Yeung, M.D., a staff psychiatrist at Rhode Island Hospital, filed a Petition for Civil Court Certification pursuant to G.L. 1956 § 40.1-5-8(a), and a Petition for Instructions pursuant to § 40.1-5-8(m), seeking permission to treat G.S.

A hearing was held in the District Court on September 27, 2024. G.S. was represented at the hearing by competent counsel from the Office of the Mental Health Advocate. At the hearing, Dr. Au Yeung testified that G.S. had a history of schizophrenia, multiple inpatient psychiatric admissions, and court-ordered treatment. According to Dr. Au Yeung, while at Rhode Island Hospital, G.S. refused treatments and was argumentative, paranoid, and disruptive. After evaluating G.S., Dr. Au Yeung concluded that his "continued unsupervised presence in the community would create a likelihood of serious harm by reason of psychiatric illness as manifested by a substantial risk of physical harm to others." Doctor Au Yeung investigated alternatives to inpatient treatment, but found that none were suitable for G.S.'s treatment needs. Counsel for G.S. engaged in extensive cross-examination of Dr. Au Yeung.

At the conclusion of the hearing, an order was entered granting the Petition for Civil Court Certification. The order certified G.S. to inpatient treatment, found him not competent to make informed decisions with respect to recommended medications, and consented to the administration of certain medications to him. The

order was later amended to allow for outpatient treatment at Gateway. The amended order was set to expire on March 27, 2025. On March 27, 2025, the order expired by its own terms. No new certifications or petitions were filed, and the case expired without further hearing.

It is well settled that "a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals v. L.Z.*, 208 A.3d 242, 242-43 (R.I. 2019) (mem.) (quoting *Hallsmith-Sysco Food Services, LLC v. Marques*, 970 A.2d 1211, 1213 (R.I. 2009)). As of March 27, 2025, G.S. is no longer committed or subject to the conditions of the order. Therefore, there is no relief this Court can provide G.S. at this time. *See Robar v. Robar*, 154 A.3d 947, 948 (R.I. 2017) (mem.) (stating that the order at issue had expired, rendering the case moot). Because this appeal is now moot, we need not address the issues raised by either party in their submissions to this Court.

We note that G.S. appeared before this Court and presented his case in a passionate and respectful manner. While we are sympathetic to his plight, the order appealed from has expired by its own terms. Therefore, we are unable to grant him any relief at this time, as there is no justiciable issue before us. The case is moot.

The brief duration of civil certification orders often prevents them from being heard on appeal. *See In re L.Z.*, 293 A.3d 1273, 1274 (R.I. 2019) (mem.); *L.Z.*, 208 A.3d at 243. As members of this Court have previously stated, "because orders such as the one at issue in this case are in effect for a mere six months, it is inherently difficult, if not impossible, for an appeal from such an order to be heard and decided by this Court before the order expires and becomes moot." *L.Z.*, 208 A.3d at 243 (Indeglia, J., concurring). To facilitate meaningful review, we, again, direct Rhode Island Department of Behavioral Healthcare, Developmental Disabilities and Hospitals, to ensure that a stenographer is provided for civil certification hearings.[1]

Accordingly, we dismiss the appeal.

Entered as an Order of this Court this 24th day of October, 2025.

By Order,

/s/ Meredith A. Benoit, Clerk

Clerk

---

[1] We note that the transcript of the District Court hearing was not prepared until September 17, 2025, and was received by this Court on September 18, 2025, less than a week before argument.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In re G.S. | |
| **Case Number** | No. 2024-359-Appeal.<br>(MH-24-489) | |
| **Date Order Filed** | October 24, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Sixth Division District Court | |
| **Judicial Officer from Lower Court** | Associate Justice Mary McCaffrey | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Thomas J. Corrigan, Jr.<br>RI Department of Behavioral Healthcare, Developmental Disabilities and Hospitals | |
| | For Respondent:<br><br>Grant Shippee, *pro se* | |