Stephen NOTARIANNI on behalf of
Joseph NOTARIANNI, SR.

v.

Joseph NOTARIANNI, JR.

No. 2008–110–Appeal.

Supreme Court of Rhode Island.

Dec. 2, 2009.

Steven J. Hart, Esq., West Warwick.

Joseph Notarianni, Jr.

### ORDER

The plaintiff, Stephen Notarianni, appeals from a Family Court order dismissing his protection from abuse action. This case came before the Supreme Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing and argument.

In an affidavit filed in the Family Court, plaintiff asserted that his brother, defendant Joseph Notarianni, Jr., fought with their father Joseph Notarianni, Sr. causing Joseph, Sr. stress, panic, and adverse health effects. The plaintiff alleged that defendant harassed and manipulated Joseph, Sr. and broke furniture. At that time Joseph, Sr. was suffering from Alzheimer's disease. Joseph, Sr. and defendant lived on the same property in Foster, Rhode Island, but defendant lived in the rear house on the property while Joseph, Sr. lived in the main house on the property.

On October 30, 2007, plaintiff filed on behalf of his father a complaint in the Family Court for protection from abuse

from defendant. Subsequently, a magistrate of the Family Court entered a default judgment enjoining defendant from contacting Joseph, Sr. and ordering defendant to vacate his residence on the property. The defendant appealed the magistrate's ruling to the chief judge of the Family Court as permitted under G.L. 1956 § 8–10–3.1(d).[1]

After a hearing, the chief judge of the Family Court overturned the magistrate's ruling. The chief judge decided that the Family Court did not have jurisdiction over the case and dismissed plaintiff's complaint. The chief judge focused on the fact that the appointment of a guardian for Joseph, Sr. was still pending in the Probate Court and that plaintiff only held power of attorney for Joseph, Sr. The plaintiff filed a notice of appeal to this Court.

However, Joseph, Sr. died on February 26, 2009. Because the subject of plaintiff's protection from abuse complaint is no longer living, we hold that this case is now moot. "This Court will not decide a question if it would fail to have a practical effect on an actual controversy." *Hallsmith–Sysco Food Services, LLC v. Marques,* 970 A.2d 1211, 1213 (R.I. 2009). "This Court has consistently held that a case is moot if the original complaint raised a justiciable controversy, but events occurring after the filing have deprived the litigant of a continuing stake in the controversy." *Id* (quoting *State v. Medical Malpractice Joint Underwriting Association,* 941 A.2d 219, 220 (R.I.2008)). "One narrow exception to the mootness doctrine exists for those cases that are 'of extreme public importance, which [are] capable of repetition but which [evade] review.'"

---

1. He also obtained a partial stay of the magistrate's judgment allowing him to continue to live in the rear house on the Foster property.

*City of Cranston v. Rhode Island Labor-ers' District Council Local 1033,* 960 A.2d 529, 533 (R.I.2008) (quoting *Arnold v. Le-bel,* 941 A.2d 813, 819 (R.I.2007)). "Cases of 'extreme public importance' are those involving issues of great significance such as 'important constitutional rights, matters concerning a person's livelihood, or matters concerning citizen voting rights.'" *United Service and Allied Workers of Rhode Island v. Rhode Island State Labor Relations Board,* 969 A.2d 42, 45 (R.I. 2009) (quoting *City of Cranston,* 960 A.2d at 533–34).

None of the exceptions to the mootness doctrine are applicable to this matter. Because Joseph, Sr. has died, the plaintiff's protection from abuse action is no longer in controversy. Thus, the case is moot.

For the foregoing reasons, we deny and dismiss the plaintiff's appeal.