**Supreme Court**

No. 2013-22-Appeal.
(KD 09-844)

Joseph P. Notarianni Revocable Trust of : 
       January, 2007

v.                    :

Joseph Paul Notarianni, Jr., et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2013-22-Appeal.
(KD 09-844)

Joseph P. Notarianni Revocable Trust of :
January, 2007

     v.      :

Joseph Paul Notarianni, Jr., et al.  :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, the Joseph P. Notarianni Revocable Trust of January, 2007,[1] appeals from a December 6, 2012 Kent County Superior Court judgment[2] granting the motion to dismiss its trespass and ejectment action.  The motion to dismiss was filed by Joseph Paul Notarianni, Jr., Robert Notarianni, Christine Fink, Rebecca Balasco, and Thomas P. Notarianni (collectively the defendants).[3]  This case came before the

---

[1] Stephen P. Notarianni is trustee of the Joseph P. Notarianni Revocable Trust of January, 2007.  He is the son of Joseph P. Notarianni and a sibling of some (or possibly all) of defendants. See Part I, footnote 5, infra.

[2] See footnote 7, infra.

[3] The Court notes that the original plaintiff in this case was the guardianship estate of Joseph P. Notarianni.  When Joseph P. Notarianni passed away, the trust was substituted as plaintiff.  Although the order granting the motion to substitute which is contained in the record was not signed by a judge, the District Court docket indicates that the motion was granted; and the parties do not dispute that the motion to substitute was granted.

- 1 -

Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this opinion, we vacate the order of the Superior Court.

## I

## Facts and Travel

This dispute concerns title to ninety-four acres of land located at 47 Cucumber Hill Road in Foster, Rhode Island, which was transferred by quitclaim deed to the plaintiff trust by Joseph P. Notarianni,[4] the patriarch of the family, before his death on February 26, 2009. This case began with a complaint for eviction for unlawfully holding over after the termination of tenancy, pursuant to G.L. 1956 § 34-18-38(a), filed by the plaintiff trust in District Court against defendants. (With the possible exception of Christine Fink, defendants are siblings and are children of Joseph Sr.)[5]

The instrument that created the plaintiff trust required the trustee, upon the death of the settlor, to distribute a fifteen-acre tract of land, which included Joseph Sr.'s personal residence at 47 Cucumber Hill Road, to Stephen P. Notarianni (who is also the trustee) "absolutely and free of any trust." The trust instrument further required that the trustee "divide the remaining balance of the principal in the trust estate," along with any accumulated income, to the remaining living

---

[4]    For the sake of clarity, and intending no disrespect, we shall refer to Joseph P. Notarianni (the patriarch of the family) as "Joseph Sr."

[5]    In the trust instrument which established the plaintiff trust, Christine Fink is not listed as one of Joseph Sr.'s children. It is not clear in the record before this Court how Ms. Fink is related (if at all) to the other parties in this case; but clarification of that point is not essential to the resolution of this case.

children "absolutely and free of any trust." After a hearing on the complaint for eviction in the District Court, a judgment for the plaintiff trust was entered on June 11, 2009. The defendants timely appealed to the Superior Court on June 15, 2009, and they filed a motion to dismiss the case. The defendants argued that the plaintiff trust was not a landlord and that defendants were not tenants; they contended that they were, instead, tenants in common with Stephen P. Notarianni (the trustee)—and that, therefore, an action for eviction could not lie.[6] The Superior Court subsequently issued an order granting defendants' motion to dismiss because, in the view of the motion justice, the Superior Court lacked subject matter jurisdiction over the case and the plaintiff trust lacked standing.[7] The plaintiff trust filed a notice of appeal to this Court on the same day that the order was entered—viz., October 27, 2009.

## II

### Analysis

Despite the fact that this rather internecine litigation has already occupied the attention of four courts in this state,[8] we are at this time concerned only with the limited question of whether

---

[6] In addition, defendants contest the validity of the trust; they claim that the ninety-four acres located at 47 Cucumber Hill Road were part of Joseph Sr.'s estate and should be distributed in accordance with the terms governing distribution of Joseph Sr.'s estate.

In its statement filed pursuant to Article I, Rule 12(A) of the Supreme Court Rules of Appellate Procedure, the plaintiff trust asserts that at least some of defendants were residing in the structure at 47 Cucumber Hill Road and that it had to remove the "tenants" in order to prepare the property for sale.

[7] The terms of the order issued by the Superior Court on October 27, 2009 were ultimately included in the document entitled "**FINAL JUDGMENT**," which was signed by the motion justice on December 6, 2012. (Emphasis in original.)

[8] In addition to the District Court, the Superior Court, and this Court, defendants also indicate, in their Rule 12(A) statement, that there is an action pending in Foster Probate Court with respect to Joseph Sr.'s estate. We would note, as well, that this is not the first time that this family has been before this Court. See Notarianni v. Notarianni, 984 A.2d 56 (R.I. 2009) (mem.).

the motion justice erred when he granted defendants' motion to dismiss the case after he concluded that the plaintiff trust lacked standing and that the Superior Court lacked subject matter jurisdiction over the case.

We begin our review of that two-pronged question by addressing the issue of subject matter jurisdiction, and we first note that this Court conducts a de novo review when it is confronted with an issue of subject matter jurisdiction. Long v. Dell, Inc., 984 A.2d 1074, 1078 (R.I. 2009); see also Narragansett Electric Co. v. Saccoccio, 43 A.3d 40, 44 (R.I. 2012) (defining "[t]he term subject matter jurisdiction, when properly used," as referring "only to the court's power to hear and decide a case and not to whether a court having the power to adjudicate should exercise that power") (internal quotation marks omitted).

General Laws 1956 § 9-12-10.1 clearly grants the Superior Court subject matter jurisdiction over the appeal of a landlord-tenant action filed pursuant to § 34-18-38(a), as is true of the instant case. The language of § 9-12-10.1 could hardly be clearer:

> "In any civil action pursuant to chapter 18 of title 34, in the district court or other appropriate court, any party may cause the case to be removed for trial on all questions of law and fact to the superior court."

The defendants concede that "the Superior Court indeed does have jurisdiction over trespass and ejectment matters * * * ." Accordingly, it is our judgment that the motion justice erred when he determined that the Superior Court lacked subject matter jurisdiction over this action.

Having concluded, albeit erroneously, that subject matter jurisdiction was lacking, the trial justice proceeded to hold that the plaintiff trust lacked standing.[9] However, the motion justice held no hearing and made no findings of fact before so holding. Consequently, this Court

---

[9]     Even though the motion justice determined that he lacked subject matter jurisdiction, he chose to respond to questions put to him by counsel on the issue of standing.

is not in a position to review the motion justice's determination on standing. See, e.g., State v. Lussier, 686 A.2d 79, 81 (R.I. 1996) (stating that "the trial justice * * * made no specific findings concerning ineffective assistance of defense counsel" and then concluding that, "therefore, [we could] not entertain the defendant's incompetency-of-counsel claim"); Bagaglia v. Bud Industries, 438 A.2d 667, 670 (R.I. 1981) (holding in a workers' compensation case that, "[s]ince the appellate commission made no findings of fact in support of its conclusion * * * [this Court was] unable to exercise properly our appellate review" and, then concluding that, therefore, "we [had to] remand th[e] case to the appellate commission with directions for it to enter a new decree containing sufficient findings of fact"). On remand, the Superior Court should conduct an evidentiary hearing and make findings of fact with respect to the issue of standing. [10]

### III

### Conclusion

In conclusion, we hold that the motion justice erred in determining that the Superior Court does not have subject matter jurisdiction over this trespass and ejectment action. Accordingly, we vacate the judgment of the Superior Court. We remand the record to that tribunal with instructions that it conduct an evidentiary hearing with respect to the issue of standing.

---

[10]     In our view, the issues implicated by this case would more properly be decided in the context of a declaratory judgment action.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       Joseph P. Notarianni Revocable Trust of January, 2007 v. Joseph Paul Notarianni, Jr., et al.

**CASE NO:**       No. 2013-22-Appeal.
(KD 09-844)

**COURT:**       Supreme Court

**DATE OPINION FILED:**  May 28, 2014

**JUSTICES:**       Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**       Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**   Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Daniel A. Procaccini

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Steven J. Hart, Esq.

For Defendants:  Jay R. Katznelson, Esq.